No 2026. Decided Jan 18, 1932

## McKINNON v PETTIBONE

Ohio Appeals, 4th Dist, Pickaway Co

Decided Jan 11, 1932

Charles H. May, Circleville, and Williams, Sinks & Williams, Columbus, for plaintiff in error.

Barton Walters, Circleville, and C. A. Weldon, Circleville, for defendant in error.

MAUCK, PJ.

While the verdict rendered was a substantial one it was none too much, and the verdict ought not be disturbed on that ground.

The facts in the case are peculiar in that neither the theory of the plaintiff nor that of the defendant seems wholly consistent with what we must take to be the physical facts in evidence. There is much excuse for the failure of the plaintiff to make a clear and logical statement of fact. He was so severely injured that he could not be expected to have been able to have employed his faculties at the time of the collision or at any time soon thereafter, nor later

give an accurate account of the details of the collision. The night was a very dark one. The road where the collision occurred was in process of construction. The portion of the road designed for travel had been completely paved and there were curbs on both sides. The berms had not been constructed and there was a step-off of about a foot from the curb to the dirt on the outside of the curb. The plaintiff pleaded and testified that he was walking down on the west side of the paved portion of the road, which would be on his right hand side of the roadway. The undisputed testimony is that the plaintiff was struck by the right front end of the defendant's machine and after the collision was found on the right hand side of the road. It is difficult to see, in view of these facts, how the plaintiff could have been where he thinks he was when he was struck. The defendant was driving a Studebaker six feet wide. Four companions accompanied him. He says, and his companions corroborate it, that the plaintiff was walking on the right side of the road; that the plaintiff was in view for something like two hundred feet before he was struck; that the defendant's automobile at the time he was struck was astride the center of the highway; that the plaintiff was within two or three feet of the east curb and that when the machine arrived at a point opposite the plaintiff the latter suddenly threw himself a distance of from three to six feet directly toward the front of the defendant's car. This evidence is unreasonable and unbelievable, unless the plaintiff was so drunk that he did not know what he was doing, and does not satisfactorily account for the marks on the automobile or the bruises and wounds upon the plaintiff's body. After the collision the defendant's car was stopped some two hundred feet north of the point of collision. A bus at that time approached from the south and the defendant and the bus driver went back and discovered the body of the plaintiff.

To support the view that the plaintiff had hurled himself into the defendant's machine an attempt was made to show that the plaintiff was intoxicated at the time. The plaintiff had been at a neighbor's house and admits that during the evening he had drunk two bottles of beer. Upon the matter of intoxication the testimony is hopelessly conflicting. The plaintiff and his friends say he was not intoxicated. The defendant says that he was. The bus driver who assisted in picking him up says that he saw no sign of it. Police officers who assisted in carrying the plaintiff into a hospital say

that they smelled liquor upon his breath. The physician who received him says that he detected no such odor. The jury evidently did not find that he was intoxicated and so finding, as it was justified in finding, were further justified in not accepting the defendant's story that the plaintiff hurled himself into the defendant's machine. If we assume, therefore, that the plaintiff was not intoxicated we have no clear cut explanation of the collision.

The distance which the defendant's car ran before it was stopped after the collision and the consequence of the impact on the plaintiff's body tend to show that the defendant was driving at a much greater speed than the defendant's evidence would indicate, and the fact that the defendant only attempted, as he says, to avoid the collision by a distance of about three feet, when he had half of the roadway on his left, warranted the jury in believing that the defendant was either proceeding so rapidly that he could not avoid the collision after he had discovered the plaintiff in front of him, or that he negligently failed to turn to the left a sufficient distance to avoid the collision, or that he had not kept an adequate look-out for pedestrians and did not see the plaintiff when he should have seen him.

The plaintiff is possibly entitled to recover under some such theory of the case although it is not in harmony with the plaintiff's claim that he was all the time walking on the west side of the road. The case at best is, however, a close one and the defendant entitled to a trial under instructions that fully preserved all his rights.

The charge to the jury, while in the main correct, contains some errors that seem to us fatal to the judgment in this case.

1. Plaintiff's special instruction number one given before argument embraced in full the language of §12603 GC defining the unlawful speed of motor vehicles, and charged that thirty five miles an hour outside of a municipal corporation should be prima facie evidence of an unlawful rate of speed. On page 256 the court in the general charge correctly says that a speed of thirty five miles per hour outside of municipal corporations is prima facie evidence of an improper speed. On the following page, however, the court charges the jury that if it finds that the defendant operated his automobile "at a speed greater than thirty five miles per hour, or at a speed which was greater than was reasonable under the circumstances of this case" that the plaintiff might recover if the plaintiff was himself free from fault. This instruction contra-

dicted the preceding instructions referred to in that it advised the jury that thirty five miles per hour was not prima facie unlawful but was absolutely so. It is unnecessary to cite the authorities to the effect that this latter charge is incorrect and that a proper instruction does not necessarily avoid the vice of an improper and contradictory instruction.

2. It is complained that the court erred in charging the jury upon contributory negligence. The court was quite right in charging upon the subject for contributory negligence was in the case. It was in the case both because the defendant had placed it in the case by special instructions and because the defendant's evidence made contributory negligence an issue. The court was consequently right in charging upon that issue but the court made the mistake of charging that the defendant had pleaded it. The instruction on page 259 correctly points out that contributory negligence consists of a want of ordinary care on the part of the plaintiff, combining with the negligence of the defendant. The defendant had pleaded that the negligence of the plaintiff was the sole cause of his disaster. The court construed this to be a plea of contributory negligence and advised the jury that the defendant had pleaded contributory negligence. The error of the trial court was not in charging upon the subject but in erroneously advising the jury that the defendant had pleaded contributory negligence, and to such extent had thereby admitted primary negligence on his own part.

3. In charging upon intoxication the trial court used this language:

"If, however, you find that the plaintiff was intoxicated at the time of the accident and that the defendant observed **or should have observed** such fact prior to the accident, then the defendant owed the plaintiff the duty of using such degree of reasonable care to avoid injuring him as he would have owed to a child or helpless person."

It is complained that this instruction should not have been given because there was no evidence that the defendant had observed that the plaintiff was intoxicated. With this we do not agree. It was for the jury to determine what the defendant observed. The error was not in charging along this line but in using the language underscored, which charges the defendant with responsibility in avoiding injuring an intoxicated person not on what he knew but what the jury might believe he ought to have known. The instruction quoted would have been correct if it had omitted the words "or should have observed." As given the instruction was erroneous. 20 R. C. L. 130.

For error prejudicial to the defendant in the charge to the jury the judgment is reversed and the cause remanded for new trial.

MIDDLETON and BLOSSER, JJ, concur.